UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
AGRI-SALES ASSOCIATES, INC.,      )
a Tennessee Corporation,          )
                                  )
        Plaintiff                 )
                                  )
v.                                )    No. 3:10-0961
                                  )    Judge Brown
RICHARD H. McCONNELL and          )
McCONNELL HALL MANUFACTURING      )
LLC, a South Carolina Limited     )
Liability Company,                )
                                  )
        Defendants                )
```

**O R D E R**

Presently pending is the Defendant's motion to dismiss (Docket Entry 18). The parties have fully addressed the issue and, additionally, the Court held a hearing in which the parties argued the matter.

The motion to dismiss is **GRANTED** in part and **DENIED** in part as follows.

The motion to dismiss the Plaintiff's fraud-based claim is **GRANTED** on two grounds. First, the Court believes that the fraud allegations were not filed within the three-year statute of limitations provided by T.C.A. § 28-3-105(1), *Liggett v. Brentwood Builders, LLC*, 2008 WL 836115 at *3-*4 (Tenn. Ct. App. 2008).

In reading this motion the Court takes the factual allegations of the complaint as true and reads them in the light most favorable to the Plaintiff. Nevertheless, the Court believes that the Plaintiff knew, or should have known, that they had a

potential fraud claim in 2006 when McConnell Hall Manufacturing, LLC (MHM) closed its offices, turned off its telephone services, and left no forwarding address (Docket Entry 11, ¶ 12).

The complaint in this matter was not filed until October 13, 2010, a date well over three years after MHM closed its doors. Although the Plaintiff attempted to avoid this problem by filing an affidavit of Mr. Bellar, Plaintiff's President (Docket Entry 27-1), the Court remains unconvinced even if it were to consider this affidavit.[1] The affidavit gives no real substance to the specifics of the alleged fraud, nor does it give an actual date when they learned of the lawsuit. Tennessee Courts have consistently held that the Plaintiff need not know all of the details of his claim or have all of the evidence available for the statute of limitations to begin to run. The statute, in fact, does begin to run no later than when the Plaintiff discovers, or should have discovered, that a cause of action exists. *Hannah v. Sheflin*, 275 S.W.3d 423, 428 (Tenn. Ct. App. 2008); *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516 (6th Cir. 2008).

A reasonably prudent plaintiff would certainly undertake some investigation following the abrupt cessation of business by a defendant after they had forwarded a very substantial sum of money to that defendant. The closing of the business with no

---

[1] The Court did not consider the affidavit, but if it had the result would have been the same.

2

telephone or forwarding address certainly should alert a plaintiff to the fact that something was amiss.

Second, the amended complaint is woefully short of specifics concerning the fraud allegations. Rule 9(b) provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Although, the Plaintiff now contends they have information from a lawsuit filed against the Defendants, they still have not provided by way of amendment or otherwise any details concerning the alleged fraud. A failure to pay bills without more information simply alleges a breach of contract, not fraud.

Paragraphs 18, 19, and 20 simply state a legal conclusion that Defendants fraudulently misappropriated monies by certificate holders for their photo tapestries and that he used MHM as an alter-ego and misappropriated funds to pay his personal debt and support his personal lifestyle. The Court considers these statements as conclusions, rather than specific factual pleadings. Surely, after more than three years and apparent access to discovery in a civil fraud case, Plaintiffs could have alleged some additional details concerning fraud in this case.

In their response to the motion to dismiss (Docket Entry 22) the Plaintiffs concede that paragraph 20 is insufficient. However, they contend that the Plaintiff's portion of the initial case management order clarifies that the only fraud asserted is

Defendant McConnell's fraudulent misappropriation of money. Taking this at face value, there are still no allegations as to the specifics of the fraud. A president of a company often can draw a handsome salary from the company, which he uses to pay debts and live even a lavish lifestyle. Without more specifics, that does not allege fraud, only bad business. The court believes that Rule 9(b) requires more. Additionally, the allegations contained do not meet the plausibility standard of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129. S. Ct. 1937 (2009).

The second prong of the motion to dismiss based on the contract language is **DENIED**. The Court has considered the parties' arguments concerning paragraphs 5 and 7 of the contract. At this point in the litigation the Court does not believe that it is appropriate to grant a motion to dismiss.

Paragraph 7 does provide for indemnification of various liabilities, losses, costs, expenses, or damages howsoever caused. The particular nature of the damages will require development of facts and should not be decided purely on the motion to dismiss giving the Plaintiff a liberal reading of the complaint.

Likewise, paragraph 5 does limit the ability of the Plaintiff to claim certain items from the Defendants. However, the exact nature of the debts incurred, and whether or not a portion of these debts may be covered by an unjust enrichment theory will

require discovery, and they are sufficient under *Twombly* and *Iqbal* at this point.

An additional reason to deny the motion at this point is the contention of the Plaintiff in paragraph 17 of the amended complaint (Docket Entry 11) that they are the holder of $186,826.92 of certificates and refund rights and the Defendants are contractually obligated to either produce the photo tapestries or to refund the amount. The Plaintiffs allege that they have bought the contracts and have a right to enforce the contracts against the Defendants. This claim appears to be separate from any contract limitations discussed above.

In view of this ruling, the parties are requested to submit a draft scheduling order within **14 days** setting forth proposed dates for discovery, dispositive motions, and a target trial date. It appears that neither side has requested a jury trial and the parties are requested to also provide an estimated length of trial.

It is so ORDERED.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge